1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  DARREN J. NORMAN, CDCR #V-69696, | Civil No.    09-2235 WQH (NLS) |
| 12 | |
| 13                    Plaintiff, | **ORDER:** |
| 14 | **(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING** |
| 15 | **NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE** |
| 16      vs. | **FROM PRISONER'S TRUST ACCOUNT PURSUANT** |
| 17 | **TO 28 U.S.C. § 1915(a) [Doc. No. 2];** |
| 18 | |
| 19  LARRY SMALL, Warden; S. RITTER, Correctional Officer; W. NEWMAN, | **(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE** |
| 20  Correctional Sgt.; B.C. RIES, Correctional Lieutenant; A. BELTRAN, Correctional | **[Doc. No. 3]** |
| 21  Lieutenant; D. BELL, Correctional Appeals Coordinator; N. GRANNIS, Correctional | **AND** |
| 22  Appeals Branch Officer; C. ESPITIA, Appeals Coordinator, | **(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF** |
| 23 | **COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3)** |
| 24                    Defendants. | **& 28 U.S.C. § 1915(d)** |
| 25 | |
| 26 | |

27          Darren J. Norman  ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State

28  Prison ("CAL") in Calipatria, California, and proceeding in pro se, has filed a civil rights

Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that various CAL correctional officials sexually harassed him and violated his rights to freedom of religion by forcing him to submit to a body cavity search in the presence of female officers in July 2008. (Compl. at 4.) Plaintiff further claims Defendants denied him due process during a prison disciplinary proceeding related to the incident and retaliated against him by refusing to process his administrative grievances. (*Id.* at 5-6.) Plaintiff seeks injunctive relief as well and general and punitive damages. (*Id.* at 8.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], as well as a Motion for Appointment of Counsel [Doc. No. 3].

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The

1  institution having custody of the prisoner must collect subsequent payments, assessed at 20%
2  of the preceding month's income, in any month in which the prisoner's account exceeds $10, and
3  forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C.
4  § 1915(b)(2).

5       The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.
6  § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28
7  U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. However, Plaintiff's
8  trust account statement shows he has insufficient funds with which to pay any initial partial
9  filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be
10  prohibited from bringing a civil action or appealing a civil action or criminal judgment for the
11  reason that the prisoner has no assets and no means by which to pay [an] initial partial filing
12  fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"
13  preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack
14  of funds available.").

15       Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and
16  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350
17  balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court
18  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

19  **II.**
20  **MOTION FOR APPOINTMENT OF COUNSEL**

21       Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil
22  action.  "[T]here is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution
23  Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal
24  courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United
25  States District Court*, 490 U.S. 296, 310 (1989).

26       However, "[t]itle 28 U.S.C. § 1915(e)(1) permits the district court, in its discretion, to
27  'request an attorney to represent any person unable to afford counsel.'" *Solis v. County of Los
28  Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(1)); *see also Agyeman*

*v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Such discretion may be exercised upon a showing of exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "To show exceptional circumstances the litigant must demonstrate the likelihood of success and complexity of the legal issues involved."  *Burns*, 883 F.2d at 823 (citation omitted); *Hedges*, 32 F.3d at 1363; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  Neither the likelihood of success nor the complexity of the case are dispositive; both must be considered.  *Terrell*, 935 F.2d at 1017; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, it appears that at this stage of the proceedings, Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the factual basis of his claims. Under these circumstances, the Court DENIES Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] without prejudice at this time.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the

plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**;

2.      Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] is **DENIED**;

3.      The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the civil filing fee owed in this case by collecting monthly payments in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.      The Clerk of the Court is directed to serve a copy of this order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

5.      The Clerk shall issue a summons upon Defendants, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his Complaint and the summons for purposes of serving each Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

6.      Defendants are thereafter **ORDERED** to reply to the Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

7.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED:  November 24, 2009

**WILLIAM Q. HAYES**
United States District Judge