# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN J. NORMAN | CASE NO. 09cv2235 WQH (NLS) |
| Plaintiff, | ORDER |
| vs. | |
| LARRY SMALL, Warden; S. RITTER, Correctional Officer; W. NEWMAN, Correctional Sergeant; B.C. RIES, Correctional Lieutenant; A. BELTRAN, Correctional Lieutenant; D. BELL, Correctional Appeals Coordinator; N. GRANNIS, Correctional Appeals Branch Officer; C. ESPITIA, Appeals Coordinator, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Magistrate Judge's Report and Recommendation filed on July 29, 2010, recommending that the Court grant Defendants' Motion to Dismiss (ECF No. 33), and Plaintiff's Motion for Default Judgment. (ECF No. 37).

**I.     MOTION TO DISMISS**

**BACKGROUND**

On October 8, 2009, Plaintiff Darren J. Norman, a pro se state prisoner currently incarcerated at California State Prison in Calipatria, California, filed a complaint against prison officials alleging civil rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff claims Defendants violated his right to be free from cruel and unusual punishment,

1  his right to due process, and his first amendment rights as a result of an unclothed body
2  cavity search and as a result of a subsequent disciplinary proceeding. Plaintiff also alleges
3  state law claims against Defendants including fraud, sexual harassment, hate crimes, and
4  breach of contract.

5  On March 8, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint
6  contending that Defendants are immune from suit for money damages in their official
7  capacities, Plaintiff failed to exhaust his administrative remedies for all of his claims other
8  than the due process claim stemming from the disciplinary proceeding, and Plaintiff's
9  complaint fails to state facts sufficient to support a claim for relief under Rule 12b(6) of the
10 Federal Rules of Civil Procedure. (ECF No. 14).

11 On May 5, 2010, Plaintiff filed an Opposition to Defendants' Motion to Dismiss.
12 (ECF No. 20). On May 13, 2010, Defendants filed a Reply. (ECF No. 21). On June 3, 2010,
13 Plaintiff filed a Surreply. (ECF No. 23).

14 On June 24, 2010, Plaintiff filed an Affidavit of Truth. (ECF No. 28).

15 On July 29, 2010, the Magistrate Judge issued a Report and Recommendation
16 ("R&R") recommending that Defendants' Motion to Dismiss be granted. (ECF No. 33).
17 The R&R recommends that Plaintiff's claim for damages against Defendants should be
18 dismissed because they are barred by the Eleventh Amendment. The R&R recommends
19 that all of Plaintiff's claims, except for his due process claim related to the disciplinary
20 proceeding, should be dismissed because Plaintiff did not exhaust his administrative
21 remedies. The R&R recommends that Plaintiff's due process claim should be dismissed
22 because it is barred by the favorable termination doctrine and, alternatively, because
23 Plaintiff fails to state a claim.

24 In addition, the R&R recommends that Plaintiff's First and Eighth Amendment
25 claims should be dismissed for failure to state a claim, the claims against Warden Small
26 should be dismissed because they are based on respondeat superior, and Plaintiff's state law
27 claims should be dismissed for failure to comply with the California Tort Claims Act.

28 On September 2, 2010, Plaintiff filed Objections to Report and Recommendation.

1  (ECF No. 35).

2  On September 22, 2010, Plaintiff filed a Motion for Default Judgment due to
3  Defendants' failure to respond to the Affidavit of Truth filed. (ECF No. 37).

4  **OBJECTIONS TO REPORT & RECOMMENDATION**

5  Plaintiff contends that the R&R is based on "false pretenses" because Defendants
6  "lied [to the] court and presented several false statements to support their grounds for
7  dismissal." (ECF No. 35 at 1). Plaintiff contends that he previously requested discovery
8  that "he informed the court would prove Defendant[s'] false statements . . . , but yet the
9  court refused to allow [him] to obtain the necessary documents." *Id.* at 2. Plaintiff contends
10 that the Magistrate Judge "adopt[ed] the Defendant[s'] false statements as facts" when
11 issuing the R&R. *Id.* Plaintiff contends that "all of Plaintiff's claims are meritorious and
12 should be adjudicated in court." *Id.* at 1.

13 **DISCUSSION**

14 The duties of the district court in connection with the Report and Recommendation
15 of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure
16 and 28 U.S.C. § 636(b)(1). The district court "must make a *de novo* determination of those
17 portions of the report . . . to which objection is made," and "may accept, reject, or modify,
18 in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §
19 636(b)(1); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

20 The Court has considered all of Plaintiff's objections and reviewed *de novo* all
21 portions of the R&R and filings in this case and concludes that the Magistrate Judge
22 correctly recommended that Defendants' Motion to Dismiss be **GRANTED**. Because the
23 Court finds that the R&R correctly recommends that Plaintiff's First Amendment claim
24 should be dismissed for failure to exhaust, the Court will not address whether that claim
25 should be dismissed for the additional reason of failure to state a claim.

26 **II.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

27 Plaintiff seeks Default Judgment against Defendants because he served Defendants
28 with an Affidavit of Truth on June 9, 2010 and "no answer, request for extension, or other

1  defense [was] filed by Defendants within the 30-days provided." (ECF No. 37 at 1).
2  Plaintiff concludes that because Defendants did not respond, Plaintiff should be granted
3  default judgment.

4      Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for
5  obtaining default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).
6  First, the clerk must enter a party's default, then, provided certain conditions are met, a
7  court may enter a default judgment. *Id.* Pursuant to Rule 55(a), an entry of default is
8  appropriate, "when a party against whom a judgment for affirmative relief is sought has
9  failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Id*.

10      In this case, the clerk has not entered default and Defendant was not required to
11  respond to Plaintiff's affidavit. *See* Fed. R. Civ. P. 7 (identifying responsive pleadings);
12  *Black's Law Dictionary*, 66 (9th ed. 2009) (explaining that an affidavit offers evidence).
13  Plaintiff's Motion for Default Judgment is **DENIED**.

14                              **CONCLUSION**

15     **IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 33) is
16  **ADOPTED** in its entirety, except for the portion of the R&R which recommends that
17  Plaintiff's First Amendment claim should be dismissed in the alternative for failure to state
18  a claim page 14 line 7 through page 15 line 6. Plaintiff's Motion for Default Judgment
19  (ECF No. 37) is **DENIED**. The clerk shall close the case.

DATED: December 14, 2010

                                                   **WILLIAM Q. HAYES**
                                              United States District Judge